GEORGE W. PARSONS AND EMMA J. PARSONS, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4816–68.   Filed January 21, 1970.

*Arthur A. Atha*, for the petitioners.
*Barry N. Mosebach*, for the respondent.

OPINION

Petitioners take the position that since Lucey Export Corp. while it owned the policy paid premiums thereon in excess of the amount of the cash surrender value of the policy when it was transferred to petitioner, the transfer of the policy to petitioner should not result in a taxable transaction. They contend that to tax petitioner on the value of the policy would in effect constitute the levy of a double tax. In the alternative petitioners contend that under section 79, I.R.C. 1954, the insurance policy transferred to petitioner should be considered group-term life insurance purchased for employees and therefore the cost of such insurance should not be taxable to petitioner.

It is respondent's position that the insurance policy was transferred to petitioner in exchange for stock which petitioner held with a zero basis and that the value of the insurance policy constituted capital gain to petitioner. Respondent argues that if the transfer of the insurance policy is not considered to be a transfer in exchange for the stock, the value of the policy at the date of its transfer would constitute

ordinary income to petitioner. Respondent takes the position that the insurance policy was clearly not group-term life insurance and therefore section 79 is not applicable to this case.

We agree with respondent that section 79 [1] is totally inapplicable to this case. The insurance policy here involved was issued covering only petitioner's life and apparently separate similar policies were issued on the lives of four other employees of Lucey Export Corp. The policy contained provisions for a cash surrender value and for its conversion to a paidup life or an endowment policy. It is clear from the policy of insurance issued in this case that it is not a group-term life insurance policy, but rather an ordinary life policy with Lucey Export Corp. as owner. So far as this record shows no group policy was issued to Lucey Export Corp. covering employees of that corporation who might be participants by reason of their employment in a group-term life insurance policy. Cf. *Edward P. Clay*, 46 T.C. 505 (1966).

It is difficult to follow petitioner's argument that because Lucey Export Corp., the owner of the policy, had paid all the premiums thereon until the policy was assigned to petitioner on February 26, 1963, petitioner received no income upon the assignment to him of the policy. The fact that Lucey Export Corp. was the owner of the policy until it was assigned to petitioner would indicate that petitioner received income to the extent of the value of the policy when it was assigned to him, except for the fact that petitioner, in return for the assignment to him of the policy, transferred to Lucey Export Corp. his 50 shares of stock. Respondent states that because of the transfer by petitioner of the stock to Lucey Export Corp., it is his position that the transaction resulted in a capital gain to petitioner.

If petitioner is contending that he should have been considered to have received additional compensation in 1939 to the extent of the value of the stock which was transferred to him in that year and therefore has a basis in the stock of the amount of its fair market value when it was transferred to him, he has not so stated. In fact, the parties stipulated that the stock had no cost basis to petitioner. In any event, there has been no showing of what the fair market value, if any, of the stock was in October 1939. Since the burden to prove error in respondent's determination is upon petitioner, we cannot, on

---

[1] SEC. 79. GROUP-TERM LIFE INSURANCE PURCHASED FOR EMPLOYEES.

(a) GENERAL RULE.—There shall be included in the gross income of an employee for the taxable year an amount equal to the cost of group-term life insurance on his life provided for part or all of such year under a policy (or policies) carried directly or indirectly by his employer (or employers) ; but only to the extent that such cost exceeds the sum of—

    (1) the cost of $50,000 of such insurance, and

    (2) the amount (if any) paid by the employee toward the purchase of such insurance.

this record, find that petitioner had any cost basis in the stock other than zero. On the basis of this record petitioner has failed to show error in respondent's determination that petitioners had a long-term capital gain of $6,130.05 resulting from the exchange of 50 shares of Lucey Export Corp. stock for the life insurance policy. We therefore sustain respondent's determination.

*Decision will be entered for respondent.*